**Ilir KOLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–4663–ag.**

United States Court of Appeals, Second Circuit.

Sept. 10, 2007.

Aleksander Milch, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Lisa D. Cooper, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Ilir Kola, a citizen of Albania, seeks review of a September 8, 2006 order of the BIA denying his motion to reopen his immigration proceedings. *In re Ilir Kola*, No. A79 319 843 (BIA Sept. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

Even assuming, *arguendo*, that the petitioner's submissions established "changed country conditions" sufficient to excuse his failure to timely file his motion to reopen, 8 C.F.R. § 1003.2(c)(3)(ii), the petitioner must still establish *prima facie*

eligibility for asylum, i.e., "a realistic chance" that he will be able to establish eligibility. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). Here, the BIA properly determined that the evidence submitted in support of the petitioner's motion was insufficient to establish *prima facie* eligibility for asylum and withholding of removal because the petitioner has failed to establish that "any specific threats have been made against him personally," that there were "any specific threats against or attempts to harm members of his family in Albania," or that he has even been specifically identified as related to the family members directly involved in the feud. For the same reasons, the petitioner has failed to establish eligibility for CAT relief.

■ Finally, to the extent that the petitioner challenges the BIA's refusal to grant his request to reopen his case sua sponte, this Court lacks jurisdiction to review that decision, which is "entirely discretionary." *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.